**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-0099-CVE |
| | ) | (07-CV-0551-CVE-FHM) |
| **RODERICK WALKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Application to Proceed without Prepayment of Fees and Affidavit (Dkt. # 171) and defendant's Motion for Relief from Judgement pursuant to Federal Rule 60(b); (5), (6), Et. Al (Dkt. # 172). Defendant argues that this Court and the Tenth Circuit Court of Appeals failed to consider arguments asserted in his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 116), and argues that this is a true motion for relief from judgment under Fed. R. Civ. P. 60(b). Defendant's motion (Dkt. # 172) relates to the filing of a § 2255 motion, and there is no filing fee for a § 2255 motion. Thus, defendant's application to proceed in forma pauperis is moot.

Defendant was charged with conspiracy to distribute 10 grams of more of Lysergic Acid Dietheylamine (LSD) (Count One) and four counts of using a communication facility to distribute LSD (Counts Two through Five). Dkt. # 1. The government filed an enhancement information (Dkt. # 40) stating that defendant had three prior convictions for felony drug offenses, and he would face a mandatory life sentence if convicted on Count One. Defendant exercised his right to a jury trial and was convicted on all counts. Dkt. # 58 Defendant received a life sentence under 21 U.S.C. § 841(b)(1) due to his prior felony drug offenses. Dkt. # 75. Defendant appealed his conviction and

sentence to the Tenth Circuit, and the Tenth Circuit affirmed. Dkt. # 108. Defendant filed a § 2255 motion asserting 18 grounds for relief. The Court entered an opinion and order (Dkt. # 158) addressing each of defendant's grounds for relief and denying his § 2255 motion. Defendant requested a certificate of appealability (COA) from the Tenth Circuit, but his request was denied. Dkt. # 168.

Defendant asks the Court to reconsider the denial of his § 2255 motion. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 60(b) motion must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532.

Construing defendant's pro se motion broadly, it appears that he is raising three arguments in support of his request for relief from judgment: (1) the Court improperly denied defendant's request for a COA form; (2) the government failed to present sufficient evidence to prove his guilt; and (3) this Court and the Tenth Circuit failed to consider all of the arguments raised in his § 2255 motion. Defendant's motion is not a true motion for relief from judgment under Rule 60(b), and it should be treated as a second or successive § 2255 motion. While defendant nominally challenges certain procedural aspects of his § 2255 proceedings, his arguments go to the Court's ruling on the

merits of his § 2255 motion and he has not identified any procedural error that may have affected the outcome of his § 2255 proceedings. He claims that the Court impaired his right to request a COA from the Tenth Circuit, because the Court did not send him a blank COA form upon his request. However, he fails to note that he requested a COA form well before the Court ruled on his § 2255 motion, and his request for a COA form was denied as premature. Dkt. # 157. Defendant requested a COA from the Tenth Circuit after the Court denied his § 2255 motion, and the denial of defendant's premature request for a COA form did not impair his rights. Defendant has not identified any specific argument that the Court failed to consider in its ruling on defendant's § 2255 motion, and this argument is meritless. The Court also declines to consider defendant's argument that the Tenth Circuit failed to address arguments raised in his request for a COA. Defendant's remaining arguments clearly go the Court's ruling on the merits of defendant's § 2255 motion. Thus, the Court finds that defendant has not raised a colorable argument as to the procedural integrity of his § 2255 proceedings and his motion should be treated as a second or successive § 2255 motion.

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite

jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

The Court finds that defendant's motion for relief from judgment should be dismissed for lack of jurisdiction, because the motion is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer defendant's motion to the Tenth Circuit. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief from Judgement pursuant to Federal Rule 60(b); (5), (6), Et. Al (Dkt. # 172) is **dismissed for lack of subject matter jurisdiction as a second or successive §2255 motion**, and defendant's Application to Proceed without Prepayment of Fees and Affidavit (Dkt. # 171) is **moot**.

**DATED** this 10th day of May, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even if the Court were to treat defendant's motion as a true Rule 60(b) motion, the Court has found that defendant has not asserted any colorable argument challenging the procedural integrity of his § 2255 proceedings, and defendant's motion would be denied.